UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CALVIN C. CALDWELL, | ) | CASE NO. 1:08 CV 0495 |
| | ) | |
|     Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
|   v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) |  AND ORDER |
| HON. KATHLEEN M. O'MALLEY, | ) | |
| | ) | |
|     Respondent. | ) | |

Before the court is *pro se* petitioner Calvin C. Caldwell's petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Mr. Caldwell, who is being detained pending trial on May 12, 2008 in the Northern District Court of Ohio, filed this action against Judge Kathleen M. O'Malley on February 8, 2008. He seeks an order from this court declaring Public Law 80-777 "unconstitutional and void *ab initio*," a declaration that "his judgment" is void and immediate release from prison.

*Background*

Mr. Caldwell, a/k/a "Petey, was charged in the United States District Court for the Northern District of Ohio with two counts of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)&(C). *See United States v. Caldwell*, No. 1:07cr0096 (N.D. Ohio filed Feb. 28, 2007)(O'Malley, J.)  He was arrested on March 29, 2007 and brought before the court to enter a plea of 'not guilty' on the same date.  During the arraignment, the government moved for the

detention of Mr. Caldwell.

On April 3, 2007, Judge O'Malley held a hearing on the Motion for Detention. The motion was taken under advisement and the court remanded Mr. Caldwell to the custody of the United States Marshal pending a decision. A detention order was issued by Magistrate Judge Baughman finding that Mr. Caldwell failed to rebut the presumption in favor of detention pending trial. Following three trial continuances, a hearing on petitioner's competency to stand trial and the appointment of three replacement attorneys for the defendant, Mr. Caldwell's trial is now scheduled before Judge O'Malley on May 12, 2008.

*Analysis*

Mr. Caldwell asserts that the district court lacked jurisdiction to commit him to the custody of the United States Marshal. He bases his averment on the belief that Public Law 80-772 is unconstitutional and "void because H.R. 3190 never passed both Houses as required by Article I, Section 7, Clause 2." (Compl. at II.) As such, he concludes that 18 U.S.C. § 3231 is invalid because it was the "unconstitutional" Public Law 80-772 that "purported to enact Title 18 of United States Code act of June 25, 1948, Chapter 645, 62 Stat. 683 et seq., and (2) more specifically Section 3231 thereof . . . which purported to confer upon 'the district court of the United States . . . original jurisdiction . . . of all offenses against the laws of the United States." (Compl. at 1.) Because the district court allegedly never had jurisdiction over his criminal prosecution, it was without authority to commit him to the custody of the Marshal Service. He moves the court for an order immediately discharging him from custody and to declare "his judgment . . . void immediately to prevent future harm." (Compl. at 1.)

*Custodian*

-2-

The law is well established that the proper respondent to a habeas action is the habeas petitioner's custodian. *See* 28 U.S.C. § 2243; *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Because Judge O'Malley is not Mr. Caldwell's custodian, she is not the proper party to a habeas action and is thus dismissed from petitioner's habeas claims against her. *See Blango v. Thornburgh*, 942 F.2d 1487, 1491-92 (10th Cir.1991); *Mackey v. Gonzalez*, 662 F.2d 712, 713 (11th Cir.1981).

## *28 U.S.C. § 2241*

Section 2241 "applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [the petitioner.]" *Atkins v. Michigan*, 644 F.2d 543, 546 n. 1 (6th Cir.1981). Mr. Caldwell is a federal pretrial detainee seeking to set aside the same charges he will face at his impending trial. Notwithstanding the fact that he has failed to name his custodian in this action, the petition cannot proceed.

For federal pretrial detainees, courts have strongly preferred that the detainees file an appeal under 18 U.S.C. § 3145(b)-(c) as opposed to a § 2241 habeas action. *See Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir.1988)(To be eligible for habeas corpus relief under § 2241, federal pretrial detainee generally must exhaust other available remedies); *United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir .1987). However, the *Fassler* court "decline[d] to hold that § 3145 provides the exclusive means by which a person under indictment can challenge his pretrial detention." *Id.* Instead, it is only one remedy which should be exhausted by a federal pretrial detainee prior to filing a habeas petition under section 2241. As the *Fassler* court noted, "the terms of the Bail Reform Act and the potential for abuse of the writ and for unnecessary duplication of

appeals, . . . should ordinarily provide strong incentive for defendants to employ Section 3145 appeals." *Fassler*, 858 F.2d at 1018.

Even if, as it appears, petitioner did exhaust his section 3145 remedies, the nature of his claim still precludes this court's review. Just as where the court should abstain when a state pretrial detainee raises habeas claims which would be dispositive of the underlying criminal charges as noted in *Atkins* above, federalism principles dictate that the federal court decline review until the petitioner has exhausted the claims at his upcoming criminal trial. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973); *Dickerson v. Louisiana*, 816 F.2d 220, 225-26 (5th Cir.), *cert. denied*, 484 U.S. 956(1987). Considerations of federal court efficiency and administration dictate that a similar rule of restraint apply where a federal pretrial detainee raises habeas claims which would be dispositive of the underlying criminal charges.

In this case, Mr. Caldwell seeks to dismiss his criminal indictment. Such a claim, if successful, would obviously dispose of the underlying federal criminal charges. *See Atkins*, 644 F.2d at 546-47. Thus, at this stage, his claim may be exhausted by raising it at the pending criminal trial and then on direct appeal.

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 3/10/08